# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2969-17T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

L.D.,

     Defendant-Appellant,

and

D.D. and L.M.,

     Defendants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF DY.D.
and DA.D.,

     Minors.

_____

Submitted January 31, 2019 – Decided February 22, 2019

Before Judges Simonelli and O'Connor.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0229-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Albert M. Afonso, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Jaclyn D. Parks, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith A. Pollock, Deputy Public Defender, of counsel; Joseph H. Ruiz, Designated Counsel, on the brief).

PER CURIAM

Defendant L.D. (mother) is the biological mother of Dy.D. (David), presently age eighteen, and Da.D (Dina), presently age thirteen.[1] The mother appeals from the February 14, 2018 judgment of guardianship terminating her parental rights to David and Dina.[2] On appeal, she asserts two issues for our consideration.

---

[1] We use initials or pseudonyms to protect the mother's and the children's privacy.

[2] David's biological father died in 2003. On August 23, 2017, Dina's biological father executed a general surrender of his parental rights to her.

A-2969-17T3

First, the mother contends that, because the children had relatives willing to provide a home for them, the Division of Child Protection and Permanency (Division) wrongfully filed and pursued an action to terminate her parental rights, warranting a reversal of the judgment of guardianship. We decline to consider this contention because the mother did not raise this issue before the trial court. "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012). Even if this issue had been raised, the trial judge did not address this question in his opinion and, thus, we decline to do so in the first instance. See Duddy v. Gov't Emps. Ins. Co., 421 N.J. Super. 214, 221 (App. Div. 2011).

Second, the mother contends the Division failed to prove by clear and convincing evidence the third prong of the four-prong standard codified by the Legislature in N.J.S.A. 30:4C-15.1(a).[3]   After reviewing the record and

---

[3]   These four prongs are:

> (1) The child's safety, health, or development has been or will continue to be endangered by the parental relationship;
>
> (2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the

A-2969-17T3

applicable legal principles, we reject this argument and affirm the judgment as it pertains to Dina, for substantially the same reasons expressed by Judge James R. Paganelli in his comprehensive written decision dated February 14, 2018. As David reached the age of eighteen while the mother's appeal was pending and is no longer a minor, the mother's challenges to those provisions of the judgment pertaining to David are moot.

We will not recite in detail the history of the Division's involvement with the family or the evidence the Division presented at trial in support of terminating the mother's parental rights. Instead, we incorporate by reference Judge Paganelli's factual findings, because they are well supported by competent evidence presented at trial. See N.J. Div. of Youth & Family Servs.

---

delay of permanent placement will add to the harm. Such harm may include evidence that separating the child from his resource family parents would cause serious and enduring emotional or psychological harm to the child;

(3) The division has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement outside the home and the court has considered alternatives to termination of parental rights; and

(4) Termination of parental rights will not do more harm than good.

[N.J.S.A. 30:4C-15.1(a).]

v. F.M., 211 N.J. 420, 448-49 (2012).  However, we highlight some of the key evidence.

In 2005, the Division became involved with this family because the mother abused substances.  In June 2007, the children's maternal grandmother (grandmother) was granted kinship legal guardianship of the children.  Although the mother was permitted visitation with the children, she chose not to see them for the next three years.  In 2010, the mother resumed visitation until 2013, when visitation ceased.  The children did not see their mother again until 2016, when the grandmother died.

Just weeks before the grandmother's death in April 2016, David and Dina moved into their maternal uncle's home, although Dina moved into her maternal aunt's home shortly thereafter.  Upon learning of the grandmother's failing health, Division staff investigated the children's welfare and interviewed the mother.  On April 18, 2016, the court vacated the kinship legal guardianship order and granted the aunt temporary legal custody of Dina and the uncle temporary custody of David.

Dina told Division staff she wanted to live with her aunt and her aunt's husband and did not want to see or even speak to her mother.  The mother, who claimed she was no longer abusing substances, advised the Division she

A-2969-17T3

wanted to be reunified with the children and was willing to abide by any recommendations made by the court and the Division in order to achieve that goal. The Division filed a complaint and order to show cause for the care and supervision of the children, as well as for their legal custody, which the court granted. The Division sought such relief so that it could oversee the children's care while providing the mother with services to enable her to be reunited with the children.

The mother did submit to a substance abuse evaluation and the evaluator determined she did not require any treatment. She also submitted to a psychological evaluation. The psychologist recommended the mother complete various services, and stressed the mother had to demonstrate a commitment to her children. The psychologist observed an important part of demonstrating that commitment was to follow through with the psychologist's recommendations, which included, among other things, individual therapy, parenting classes, and domestic violence counseling. However, despite her expressed desire to be reunited with her children, the mother declined to engage in any of these services.

The mother also failed to submit to a bonding evaluation. Dina, her aunt, and her aunt's husband did participate in a bonding evaluation, during

6

which Dina stated her mother "has not been there for me my whole life" and that she wanted to stay with her aunt and her aunt's husband. The aunt advised she and her husband want to adopt Dina. Mark Singer, Ed.D., testified Dina has a close relationship with her aunt and her husband and views them as her psychological parents. Singer opined that, if removed from their care, Dina would experience significant and enduring harm. The mother did not introduce any evidence at trial.

Judge Paganelli thoroughly reviewed the evidence presented at the trial and made factual findings as to each prong of N.J.S.A. 30:4C-15.1(a); however, the mother challenges only the judge's findings on the third prong of the statute. Our review of the record reveals the Division proved by clear and convincing evidence it made reasonable efforts to provide those services necessary to help the mother reunify with Dina, and also considered alternatives to the termination of parental rights. Through no fault of the Division, the mother declined to avail herself of services designed to facilitate reunification. The mother's arguments to the contrary are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

The State has a strong public policy that favors placing children in a permanent, safe, and stable home. See In re Guardianship of K.H.O., 161 N.J.

A-2969-17T3

337, 357-58 (1999). At the time of trial, the mother could not provide Dina permanency. Meanwhile, Dina has bonded with her resource parents, who wish to adopt her. If removed from their care, Dina will suffer significant and enduring harm. Accordingly, we affirm substantially for the reasons Judge Paganelli expressed in his cogent written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION